J-S71018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT MILLER | |
| Appellant | No. 3365 EDA 2016 |

Appeal from the PCRA Order entered October 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0015857-2013

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 12, 2018**

Appellant, Robert Miller, appeals from the October 7, 2016 order entered in the Court of Common Pleas of Philadelphia County, denying as untimely his first petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Because Appellant's petition is untimely on its face and he did not allege any exception to the PCRA's one-year time bar, we affirm.

In its Rule 1925(a) opinion, the PCRA court explained:

On March 11, 2014, [Appellant] entered a negotiated guilty plea to the charges of rape under 18 [Pa.C.S.A.] § 3121(a)(1), a felony of the first degree, and corruption of minors under 18 [Pa.C.S.A.] § 6301(a)(1)(i), a misdemeanor of the first degree.  As

---

[*] Retired Senior Judge assigned to the Superior Court.

negotiated, [Appellant] was sentenced to five to ten years incarceration and ten years sex offender probation to run consecutively. [Appellant] was also sentenced to a concurrent term of five years reporting probation on corruption of minors.

. . . .

On December 1, 2015, [Appellant] filed a [*pro se*] PCRA petition. On June 7, 2016, [Appellant's counsel] filed an amended petition. On August 10, 2016, the Philadelphia District Attorney's Office filed a response. On September 16, 2016, the PCRA court ordered a Rule 907 notice to be sent to [Appellant] informing him of the court's intent to dismiss his petition. On October 7, 2016, the PCRA court dismissed [Appellant']s PCRA petition.

On October 26, 2016, [Appellant] filed a notice of appeal. On November 1, 2016, [Appellant] filed a statement of errors complained of on appeal[.]

PCRA Court Opinion, 3/21/17, at 1-2 (footnote and some capitalization omitted).

Appellant asks us to consider four issues in this appeal as follows:

A. Whether the []PCRA court erred in denying and dismissing Appellant Robert Miller's petition for post-conviction relief finding the matter was time barred pursuant to 42 Pa.C.S.A. [§] 9545(b).

B. Whether the []PCRA court erred in denying and dismissing Appellant, Robert Miller's petition for post-conviction relief seeking to reinstate his post-sentence/appellate rights, *nunc pro tunc*, where [A]ppellant alleged he requested the Philadelphia Public Defender's Office file a motion for reconsideration/appeal following his entry of a negotiated guilty plea and sentencing before the court on March 11, 2014.

C. Whether the []PCRA court erred in denying and dismissing Appellant, Robert Miller's petition for post-conviction relief where [A]ppellant alleged and averred the guilty plea colloquy was defective and did not include all of the required areas of inquiry pursuant to Pa.R.Crim.P. 590(B)(2) and [A]ppellant, Miller was suffering from mental defects at the time of the guilty plea and where the court

mistakenly informed [A]ppellant, Miller he would be subject to a mandatory minimum sentence despite its abrogation in ***Alleyne***.[1]

D. Whether the []PCRA court erred in denying and dismissing Appellant, Robert Miller['s] request for an evidentiary hearing on his petition for post-conviction relief.

Appellant's Brief at 9 (some capitalization omitted).

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely

---

[1] ***Alleyne v. United* States**, 133 S.Ct. 2151 (2013). We note that Appellant mentions ***Alleyne*** in his Statement of Questions Presented but does not list the case in his Table of Cases or refer to it in the body of his brief.

- 3 -

filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness).

As reflected in the excerpt from the PCRA court's opinion, Appellant was sentenced on March 11, 2014, after entering a negotiated guilty plea to rape and corruption of minors. He did not seek reconsideration or file an appeal to this Court. Therefore, his judgment of sentence was final thirty days after sentencing, *i.e.*, on April 10, 2014, and any petition for relief under the PCRA had to be filed by April 10, 2015, one year after the date his judgment of sentence was final. 42 Pa.C.S.A. § 9545(b)(1).

Appellant filed his *pro se* petition on December 1, 2015, nearly eight months after the deadline for filing a petition, and his counsel filed an amended petition on June 7, 2016. Therefore, his petition is untimely on its face.

The PCRA does afford a petitioner the opportunity to save his petition from the PCRA's time bar if the petition alleges and the petitioner proves one of the exceptions recognized in § 9545(b)(1)(i)-(iii). However, as the PCRA court correctly observed:

> [T]he PCRA court concluded that [Appellant's] petition was untimely and failed to plead any valid exception to the timeliness requirements of the PCRA. [Appellant] admits his petition was untimely, but he does not offer any exception to the PCRA one-year period.
>
> . . . .
>
> On June [7], 2016, [Appellant] filed an amended PCRA petition admitting [Appellant's] petition was untimely, but did not argue

that any exception applied. [Appellant] argues instead that the hearing was defective because he unwillingly entered into a guilty plea. As a result, [Appellant] contends that his guilty plea should be withdrawn and his sentence vacated.

PCRA Court Opinion, 3/21/17, at 6 (some capitalization omitted).[2]

The PCRA court also properly recognized that the PCRA permits defendants to file petitions requesting reinstatement of appellate rights. *Id.* "[H]owever, defendants are still required to comply with the PCRA one-year period." *Id.* at 6-7 (citing *Commonwealth v. Fairiror*, 809 A.2d 396, 397 (Pa. Super. 2002), in turn citing *Commonwealth v. Hall*, 771 A.2d 1232 (Pa. 2001)).

Although Appellant did not allege any exception to the timeliness requirement in his original or amended petition, he asserts various reasons he is entitled to reinstatement of his appeal rights. He claims plea counsel was ineffective and that his sentence exceeded the lawful statutory maximum. Also, he contends he is entitled to relief under Article I, Section of 14 of the Pennsylvania Constitution, "establishing the state constitutional right to habeas corpus" as well as "statutory grounds for relief enumerated in the [PCRA.]" Appellant's Brief at 19-20. Appellant's assertions are without merit.

_____

[2] We acknowledge that Appellant's amended petition pays lip service to the PCRA's eligibility requirements by quoting provisions of 42 Pa.C.S.A. § 9543(a)(2). Amended Petition, 6/7/16, at 4-5. However, the petition does not allege or prove an exception to the timeliness requirements of § 9545(b)(1). Nor does Appellant's petition even mention § 9545(b)(2), which requires that a petition invoking an exception be filed within 60 days of the date the claim could have been presented.

As this Court recognized in **Fairiror**, "all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA." **Id.** at 397. Further, an allegation of counsel ineffectiveness "does not save an otherwise untimely petition for review on the merits." **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000). Also, as our Supreme Court explained in **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999), "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions." Moreover, "[u]nless the PCRA could not provide a potential remedy, the PCRA statute subsumes the writ of habeas corpus." **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citing **Fahy, supra** at 223-24; **Commonwealth v. Chester**, 733 A.2d 1242 (Pa. 1999)). As we reiterated in **Taylor**, "[i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Id.** at 466 (citing, *inter alia*, **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998)).

Appellant's petition was not timely filed and did not allege any exception to the PCRA's time bar. Therefore, the PCRA court lacked jurisdiction to consider the merits, if any, of his petition. Likewise, this Court likewise lacks

jurisdiction to consider the merits, if any, of the issues presented in this appeal.[3]

The PCRA court's findings of fact are supported by the record and its conclusions of law are free from legal error. Therefore, we affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/18

---

[3] We note that Appellant argues in his fourth issue that the PCRA court erred by dismissing his petition without a hearing. In light of the fact the petition was untimely and Appellant failed to allege or prove any exception to the PCRA's time bar, the PCRA court was without jurisdiction to entertain it and, consequently, did not err in dismissing his petition without a hearing. **Commonwealth v. Marshall**, 947 A.2d 714, 723 (Pa. 2008).